**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

| | |
|---|---|
| ERNEST EVANS, an individual, THE LAST TWIST INC., a Pennsylvania for Profit Company, and THE ERNEST EVANS CORPORATION, a Pennsylvania for Profit Company,<br><br>        Plaintiffs,<br><br>vs.<br><br>ANDY & EVAN INDUSTRIES, INC., a New York corporation; THE NEIMAN MARCUS GROUP LLC, a Delaware limited liability company; and NEIMAN MARCUS GROUP LTD LLC, a Delaware limited liability company,<br><br>        Defendants. | CASE NO. 15-cv-61013 (WPD) |

**DEFENDANTS' MEMORANDUM IN OPPOSITION
TO PLAINTIFFS' MOTION FOR JURISDICTIONAL DISCOVERY**

Defendants, Andy & Evan Industries, Inc. ("A&E"), The Neiman Marcus Group LLC ("Neiman LLC"), Neiman Marcus Group Ltd. LLC ("Neiman Ltd.") (collectively "Neiman" unless referred to individually) (collectively "Defendants"), hereby submit this Memorandum in Opposition to Plaintiffs' Motion for Leave to Conduct Jurisdictional Discovery.

**ARGUMENT**

**I.    THE COURT SHOULD DENY PLAINTIFFS' REQUEST
       FOR JURISDICTIONAL DISCOVERY.**

Although the Court has broad discretion to grant jurisdictional discovery, it would not be an abuse of discretion to deny jurisdictional discovery when it is clear that such discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction. In this case, the practical

effect of granting Plaintiffs' request for jurisdictional discovery would merely be to increase the costs of litigation for A&E and to fuel Plaintiffs' ongoing abusive litigation tactics. Notwithstanding the extremely meager sales of allegedly infringing *Andy & Evan Chubby Checker Shirtzie* baby apparel, and Defendants' prompt, earnest efforts to address Plaintiff's concerns, Plaintiffs' instead has adopted a "scorched earth" *modus operandi* from the outset of this litigation.

Nearly all of the discovery now sought from Defendants A&E and Neiman pertains to general business contacts that Defendants each have with the State of Florida. Since Florida is not the "home" forum of any of Defendants, *Daimler* precludes any finding of general jurisdiction over any of the Defendants. *Daimler AG v. Barbara Bauman*, 134 S. Ct. 746, 761 (2014). Thus, obtaining further general business-related discovery beyond that which is publicly available and already has been acquired and presented to the Court by Plaintiffs through routine internet and public records investigation will serve no valid purpose and will not change the unmistakable conclusion that Florida is not Defendants' "home" forum. For example, Plaintiffs seek to determine how much of Neiman's total sales take place in Florida. Plaintiffs have submitted evidence showing that Neiman has represented that approximately "50% of all of its revenues for the fiscal year of 2015 are accounted for by the retail stores located in California, Florida, New York, and Texas." Presumably, Plaintiffs seek to show that a large portion of these sales revenues is the result of sales in Florida. However, even if more than a pro rata share of those sales have taken place in Florida, it does not change the fact that Florida is not Neiman's "home" forum. Accordingly, there is no general jurisdiction over Neiman in Florida, and no amount of jurisdictional discovery or investigation is going to change that.

Furthermore, Plaintiffs' arguments in support of their request for jurisdictional discovery based on sales by A&E's customer, Amazon, into the State of Florida are also inapposite. As set forth in Defendants Reply Memorandum of Law in Support of their Motion to Dismiss and accompanying Supplemental Declaration of Evan Hakalir (D.E. 34), Amazon is A&E's customer, not its agent. Accordingly, sales by Amazon into Florida cannot confer jurisdiction on A&E. *See Bullard Abrasives, Inc. v. Taiwan Resibon Abrasive Prods.*, 2009 U.S. Dist. LEXIS 55242 (M.D. Fla. June 15, 2009); *Shin-Kobe Elec. Mach. Co. v Rockwell*, 750 So.2d 67 (Fla. 2d DCA 1999) (both citing *Asahi Metal Industry Co. v. Superior Court of California*, 480 U.S. 102, 94 L. Ed. 2d 92, 107 S. Ct. 1026 (1987)).

By the same token, Plaintiffs seek discovery on "paired" or "suggested" items in an effort to support their claim of jurisdiction over Defendants. *See Plaintiffs' Motion for Leave to Conduct Jurisdictional Discovery ("Plaintiffs Mot. Juris. Disc.")* (D.E. 27), p. 4-5. As set forth in Defendants' Reply Memorandum in Support of their Motion to Dismiss (D.E. 34), p. 5, sales of "paired" and "suggested" items cannot have any bearing on the issue of jurisdiction.[1] All "paired" and "suggested" items are inherently non-infringing; otherwise, they would simply be referred to by Plaintiffs as "infringements." Since these items standing alone cannot and do not infringe, the advertising and sales of these items cannot serve as the basis to confer jurisdiction on Defendants, even if they took place in the State of Florida.

---

[1]  Defendants understand that Plaintiffs seek information on "paired" and "suggested" sales to trump up their claim for damages. Defendants dispute the relevance of such sales as a matter of law and Plaintiffs have offered no legal basis to support such a damages theory. Notwithstanding this dispute, it is abundantly clear that sales of "paired" and "suggested" items, which do not even arguably infringe Plaintiffs' asserted rights, are not relevant to the question of jurisdiction.

3

## II. IF THE COURT GRANTS PLAINTIFFS' REQUEST, IT SHOULD LIMIT JURISDICTIONAL DISCOVERY.

In the alternative, if the Court is inclined to grant Plaintiffs' request for jurisdictional discovery, the Court should limit such discovery to facts that directly impact on 'specific jurisdiction,' and in particular, the sales and advertising of accused *Andy & Evan Chubby Checker Shirtzie* baby apparel in the State of Florida. Since *Daimler* precludes a finding of general personal jurisdiction on any set of facts that Plaintiffs might reasonably hope to prove, it would be a wasteful, needless exercise for the parties to engage in protracted discovery as to Defendants' general business contacts with Florida. By the same token, Defendants respectfully request that depositions should be limited to one deposition of Defendant A&E and, as stated above, to facts that directly impact on the sales and advertising of accused *Andy & Evan Chubby Checker Shirtzie* baby apparel in the State of Florida.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for leave to conduct jurisdictional discovery should be denied.

Dated: October 23, 2015                    Respectfully Submitted,

**KAUFMAN DOLOWICH & VOLUCK LLP**
*Counsel for Defendants*
One Boca Place
2255 Glades Road, Suite 300E
Boca Raton, FL 33431
Telephone: (561) 910-5650
Facsimile: (888) 464-7982

/s/ Gregg J. Breitbart
Gregg. J. Breitbart, Esq.
Fl. Bar No. 843415
gbreitbart@kdvlaw.com
Matthew H. Ginder, Esq.
Fla. Bar No. 0068840
mginder@kdvglaw.com

4

        **STERN & SCHURIN LLP**
*Attorneys for Defendants*
410 E. Jericho Turnpike
Mineola, New York 11501
Telephone: (516) 248-0300
Facsimile: (516) 283-0277
Steven Stern (SS 5203)
sstern@sternschurin.com
Sumeer Kakar (SK 0913)
skakar@sternschurin.com
(admitted pro hac vice)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on October 23, 2015, I electronically filed the foregoing with the Clerk of the courts by using the CM/ECF system, which will send a notice of electronic filing to counsel of record appearing on the Certificate of Service generated by the ECF system.

        /s/ Gregg J. Breitbart
        Gregg J. Breitbart, Esq.